(47 App. Div. 225.)

PEOPLE v. HASKELL.

(Supreme Court, Appellate Division, Fourth Department. January 30, 1900.)

JUSTICES OF THE PEACE—GAME LAW—JURISDICTION—VENUE.

Laws 1895, c. 974, § 232, declares that actions to recover penalties imposed for violation of the game law may be brought in any town in the county where the penalty shall be incurred or in the county where defendant resides. Code Civ. Proc. § 2869, requires an action before a justice of the peace to be brought before a justice of a town wherein one of the parties resides, or before a justice of an adjoining town in the same county, except where a particular action is allowed to be brought in a town, city, county, or district where an offense was committed. *Held*, that where defendant, who resided in Hamilton county, violated the game law in Herkimer county, a justice of the peace of a town in Hamilton county, not adjoining that in which defendant resided, had no jurisdiction of an action to recover a penalty incurred for such act.

Appeal from Herkimer county court.

Action by the people against Truman Haskell for violation of the game law. From a judgment of the county court reversing a justice's judgment in favor of the people, they appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Thomas Richardson, for the People.
Charles D. Thomas, for respondent.

SPRING, J. This action was brought to recover two penalties for alleged violation of the game law (chapter 974, Laws 1895), inhibiting, among other things, the hunting of deer with dogs. It was established that the offense was committed in the county of Hamilton, and the action was commenced and tried before a justice of the peace residing in the town of German Flatts, in the county of Herkimer. The defendant resided in the town of Wilmurt, in said county of Herkimer, and that town is not adjacent to the one in which the action was brought. The defendant appeared personally on the return day of the summons, presenting an affidavit showing his residence, and moved to dismiss the action on the ground that the court had no jurisdiction over the person of the defendant, as he was not a resident of the town of German Flatts or of any adjoining town, which motion was denied. Section 232 of chapter 974 of the Laws of 1895 is as follows:

"Actions for penalties imposed by this act may be brought in any town in the county where the penalty shall be incurred, or in the county where defendant resides, subject only to the right to remove the same to any other county adjoining that in which the penalty shall be incurred, or in which the action shall have been brought as aforesaid, for cause shown as provided by the Code of Civil Procedure."

The first sentence of this statute enlarges the general Code provision defining the place in which an action may be brought before a justice of the peace. The general provision is that an action must be brought before a justice of a town wherein one of the parties resides, or a justice of an adjoining town. Code Civ. Proc. § 2869. The section, in 5 subdivisions, contains the exceptions to the general rule, and they were evidently intended to include every case where a departure from the rule was permissible. Subdivision 4 provides, as one of the exceptions where a particular action is by special provision of law allowed to be brought in, "the town, city, county or district where an offense was committed." The authority to bring an action for a penalty for an infraction of the game law in the county where the penalty was incurred is not, therefore, in conflict with the Code provision, but is the legislative execution of the power provided for and anticipated in the subdivision referred to. The meaning of the residue of section 232 is not clear. If it refers to courts of justices of the peace exclusively, the greater part of it is surplusage; for it establishes the venue, subject to the right of removal "to any other county adjoining that in which the penalty shall be incurred, or in which the action should have been brought as aforesaid, for cause shown as provided by the Code of Civil Procedure." There is no authority given in the Code or anywhere else for the transfer of an action in justice's court from one county to another. Section 232 of chapter 488 of the Laws of 1892, of which the section quoted is an amendment, did not contain the words "in any town"; and, without violence to its language, the statute could have been construed to confer jurisdiction concurrently upon a court of record or a justice of the peace to maintain an action to recover the prescribed penalty. The words giving jurisdiction to courts of justices of the peace in any town of the county where the transgression occurred were probably inserted without an appreciation of their effect upon the subsequent portion of the section. That any justice of the peace of the county where the violation took place may entertain the action is obvious. The primary purpose of the amendment, by interpolating the words "in any town," was to permit this jurisdiction to be coextensive with that county. But it is only the residue of the section which is pertinent to this appeal. By that it may be said the action may be maintained before a justice of the peace of the county where the defendant resides, or in a court of record. If by the former, then the general provision restricting actions to the town of the defendant's residence, or an adjoining town, are applicable; if in a court of record, then subject to the power to change the place of trial, but only to a county adjoining either that in which defendant resides or that in which the penalty was incurred. This construction gives effect to the full scope of the language used, and does not trench upon any

existing rule of law or practice. If the jurisdiction is still retained in a justice's court of the county in which the defendant resides, that is no warrant for an invasion of the general rule limiting its exercise to the town of the defendant, or an adjoining town when the plaintiff is a nonresident. The legislature, by the amendment to Code Civ. Proc. subd. 2, § 2869, unmistakably indicates its intention to restrict the jurisdiction of a justice of the peace. It is significant to note that this subdivision was passed at the same session as the amendment to section 232, and, while its enactment preceded the amendment to the section quoted, it did not become operative until some time after. Prior to the amendment to the Code, a nonresident could sue a defendant in any town of the county where such defendant resided, and this often resulted in dragging him to a corner of the county remote from his place of residence. The restriction contained in this subdivision was a salutary enactment, to prevent this abuse, and still not confine the plaintiff to the town in which the defendant resided. If the legislature had intended to depart from the general provision in prescribing suits for penalties under this statute, we would expect to find that intention expressed in definite language. As is said in End. Interp. St. § 113: "It is in the last degree improbable that the legislature would overthrow fundamental principles, infringe rights, or depart from the general system of law, without expressing its intention with irresistible clearness." In discussing this same subject, Sutherland (St. Const. § 287) states the proposition as follows:

"Regard must be had to all parts of the statute, and to the other concurrent legislation in pari materia, and the whole should, if possible, be made to harmonize; and, if the sense be doubtful, such construction should be given, if it can be, as will not conflict with the general principles of law, which it may be assumed the legislature would not intend to disregard or change."

Smith v. People, 47 N. Y. 330; Bridge Co. v. Smith, 148 N. Y. 540–551, 42 N. E. 1088.

When section 232 was first enacted, in 1892, there was no limitation to any town upon a justice of the peace in a suit by a nonresident. When the restriction was imposed in the Code of Civil Procedure, it was deemed advisable, as jurisdiction had been extended to the county in which the offense was committed, to make an exception to the general rule by permitting any justice of that county to entertain jurisdiction. That involved no especial hardship to the defendant, as he could only be sued in case service was obtained against him in that county; and if he was outside the county where he resided, violating the law, he ought not to be heard to cry out against a practice which permitted punishment to be meted out to him where he committed the depredations.

The judgment is affirmed, with costs to the respondent. All concur.